## HIBBS v. DUNHAM ET AL.

1. **Venue:** REPLEVIN: PRACTICE. An action in replevin may be brought either in the county where the defendant resides or where the property is situated, at the election of the plaintiff, but the venue cannot properly be laid in a county other than one of these upon an allegation that the property was wrongfully removed therefrom by the defendant.

*Appeal from O'Brien Circuit Court.*

THURSDAY, OCTOBER 7.

ACTION in replevin. The question arises upon an order allowing a change of place of trial from the Circuit Court of O'Brien county to the Circuit Court of Sioux county. The application was made for the change by the defendants, upon the ground that the action was brought in the wrong county. The application being allowed the plaintiff appeals.

*Barton & Morton, Charles Allen* and *Warren Walker,* for appellant.

No appearance for appellee.

ADAMS, CH. J.—The property was found in Sioux county, as appears by the officer's return. The plaintiff alleges in his petition that the property was wrongfully removed to that county from O'Brien county, where the action was brought. The defendants applied for a change of place of trial to Sioux county upon the ground that they were residents of Sioux county, supporting their application by affidavit.

The plaintiff contends that the application should have been refused upon the ground that the petition shows that the property was wrongfully removed from O'Brien county. He relies upon section 3230 of the Code, which provides that where the petition shows that the property has been wrongfully removed into another county from the one in which the

action is commenced, the order may issue from the county whence the property was so wrongfully taken, and may be served in any county in which the property may be found.

This section assumes that the action may, in certain cases at least, rightfully be brought in the county from which the property has been wrongfully removed. Whether it can be so rightfully brought in that county unless the defendant resides in that county is the question to be determined. The general rule is that personal actions must be brought in a county where one or more of. the defendants reside. Code, § 2586. But an action for the recovery of specific personal property may be brought in any county in which the property or some part thereof is situated. Code, § 3225. Under these two sections we think the plaintiff may elect, if the property is situated in one county and the defendant resides in another, to bring suit in either.

Section 3230, upon which the plaintiff relies, does not seem to be designed to provide as to what county the action may be brought in. The subject of the section seems to be in reference to the issuance of the order for the property, or writ of replevin. If the legislature designed to provide that the action may be brought in a county where neither the defendants reside nor the property is situated, to-wit, in a county from which the property was wrongfully removed, it is reasonable to suppose that it would have done so in some way other than by mere implication, to be gathered from a section which treats of a different subject.

But it is said that where property is wrongfully removed from a county the plaintiff ought to be allowed to institute and prosecute his action in that county, and not be compelled to follow it and do so in some distant county. There would be much force in this position if the statement in the petition that the property had been wrongfully removed justified the assumption that it is true. The right of the defendant to the possession of the property where it is situated involves the question of the right of removal if the property was removed,

and that is the very question at issue. Now, there is no presumption in favor of the plaintiff, but rather in favor of the defendant. Because of such presumption, he it is who might more properly complain of being compelled to litigate the question of his right of possession in a distant and inconvenient county. In our opinion the judgment of the Circuit Court must be

AFFIRMED.