## PARKER v. NORRIS.

1. **Venue:** ACTION IN REPLEVIN: EVIDENCE. The exclusion of evidence offered in support of a motion for change of venue, and tending to prove that the action was not brought in the proper county, held erroneous.

*Appeal from Pottawattamie Circuit Court.*

MONDAY, JUNE 13.

ACTION in replevin. The defendant moved for a change of place of trial to Page or Montgomery county, on the ground that the action should have been brought in one of those counties and not in Pottawattamie county, The court overruled the motion, to which the defendant excepted. There was a trial by jury and verdict and judgment were rendered for the plaintiff. The defendant appeals.

*M. M. Wright* and *W. S. Mayne,* for appellant.

*Dailey & Burke,* for appellee.

ADAMS, CH. J. The action was brought against Frank Bailey, who afterwards died. G. W. Norris was substituted as his administrator. The application for a change in the place of trial was based upon the alleged ground that Bailey was a resident of Page county, and that all the property taken under the writ from his possession was at the time of the commencement of the action either in that county or in Montgomery county. The application was resisted upon the ground that it was not true as claimed that Bailey was a resident of Page county, and not true as claimed that all the property taken from his possession was at the time of the commencement of the action either in that county or Montgomery county. But on the other hand it was claimed that Bailey was a resident of Pottawattamie county, and a part of the property taken from his possession was at

the time of the commencement of the action in that county. The application was further resisted upon the ground that the plaintiff's petition showed that the property was wrongfully removed from Pottawattamie county.

Upon the hearing upon the application affidavits were introduced upon both sides, and witnesses were examined.

It appeared that a writ of replevin was issued to the sheriff of Pottawattamie county. The property taken by him consisted of a bridle and a mare. All the other property was taken in Page county, and under a writ issued to the sheriff of Page county. The defendant contends that the bridle was never in Bailey's possession but in the possession of the plaintiff, and that while the mare was at one time in Bailey's possession, it was, while in his possession, in Page county, and before it was taken by the sheriff of Pottawattamie county it had passed out of Bailey's possession into plaintiff's possession, and was in the plaintiff's possession when taken under the writ. The defendant offered evidence of these facts, but the plaintiff objected and the court sustained the objection, to which the defendant excepted.

An action in replevin must be brought in the county where one of the defendants resides or some portion of the property is situated. *Hibbs v. Dunham*, 54 Iowa, 559. Section 3230 of the Code, which provides that where the petition shows that the property has been wrongfully removed into another county from the one in which the action is commenced an order may issue and be served in any county where the property may be found, was not designed to provide in what county the action may be brought. *Hibbs v. Dunham*, above cited. To justify the court below, then, in overruling the motion for change of place of trial, it must have been found either that Bailey was a resident of Pottawattamie county or that some portion of the property was situated in that county. The bridle it appears was in that county. But if the fact is as the defendant claims, that the bridle was never in Bailey's possession, but was in the plaintiff's possession, it was not

the subject of replevin, and the taking of it by the officer in Pottawattamie county could not have the effect to give the plaintiff the right to bring the action in that county. Nor could such right be acquired by the taking of the mare in that county, if at the time the action was commenced it was in Page county, and before it was taken it had passed into the plaintiff's possession. It appears to us that the defendant was entitled to show these facts as claimed by him in regard to the bridle and the mare. It is true the court may have come to the conclusion that Bailey was a resident of Pottawattamie county and overruled the motion upon that ground alone.

If the court had so specially found we should not deem it our province to disturb the finding, because the evidence is conflicting. But we are by no means certain that the ruling was placed upon this ground. We cannot say, therefore, that the defendant was not prejudiced by the exclusion of the evidence in question.

REVERSED.